NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIANHUA YAN,<br><br>               Petitioner,<br><br>   v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>               Respondent. | No.   14-73514<br><br>Agency No. A099-966-852<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016**

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Jianhua Yan, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

     *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies as to who owned the house that was allegedly demolished, and when or whether it was demolished at all. *See id.* at 1048 (adverse credibility finding reasonable under the "totality of circumstances"). We reject Yan's contention that he did not have an adequate opportunity to explain, and his contention that the BIA did not consider his explanation. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In the absence of credible testimony, in this case, Yan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Yan's CAT claim fails because it is based on the same testimony the agency found not credible, and Yan does not point to any other evidence that compels the finding that it is more likely than not he would be tortured by or with the consent or acquiescence of the Chinese government. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED**.

14-73514